IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PATRICK LIU, f/k/a MING CHENG LIU, et al., | CASE NO. 1:17-CV-2560 |
| Plaintiffs, | JUDGE DONALD C. NUGENT |
| vs. | |
| GENJI, LLC, | MEMORANDUM OPINION |
| Defendant. | |

This matter is before the Court upon a Motion To Remand and, alternatively, Motion for Leave to Amend Complaint filed by Plaintiffs, Patrick Liu, f/k/a/ Ming Cheng Liu and Chien Shiu Chin Liu, a/k/a Sue Liu ("Mr. and Mrs. Liu"). (ECF #6). Defendant, Genji, LLC ("Genji") filed an Opposition brief (ECF #11) and Mr. and Mrs. Liu filed a Reply in Support. (ECF #14). This matter is fully briefed and ripe for review.

For the reasons set forth herein, Mr. and Mrs. Liu's Motion (ECF #6) is DENIED in part and GRANTED in part as follows: the Motion to Remand is DENIED and the Motion to Amend the Complaint is GRANTED.

I.  Factual and Procedural Background

On November 6, 2017, Mr. and Mrs. Liu filed a Complaint against Genji in the Cuyahoga County Court of Common Pleas. (See ECF #1-4). Both Mr. and Mrs. Liu are currently full-time employees of Genji, a business that operates sushi storefronts in Whole Food Markets. (See ECF #1-4, para 4). The Plaintiffs allege five counts in their Complaint: (1) employment discrimination;

(2) failure to remit minimum wages; (3) failure to remit overtime wages; (4) breach of express contract; and (5) failure to remit wages in timely fashion. (ECF #1-4).

In the Complaint, Mr. and Mrs. Liu seek "all economic and non-economic damages," including back pay, compensatory damages, punitive or exemplary damages, liquidated damages, pre-judgment and post-judgment interest, and reimbursement of all attorney fees, costs and expenses incurred. (ECF #1-4, pp. 12-14). Each Plaintiff demands a judgment against Genji in an aggregate amount not exceeding $75,000.00 exclusive of interest and costs. (ECF #1-4, p. 12).

Genji filed a Notice of Removal in this Court on December 8, 2017. (ECF #1). After Genji filed its Answer, Mr. and Mrs. Liu filed their Motion to Remand to state court, arguing that the removal was improper "inasmuch as this court lacks jurisdiction" over this matter. (ECF #6). Alternatively, the Lius argue that if this case is not remanded, this Court should grant them leave to file an amended complaint to assert claims for relief under federal law . (ECF #6, p. 10).

II. <u>Legal Analysis</u>

    A.     Motion to Remand

The Plaintiffs argue that this Court does not have jurisdiction over this case because they have only asserted state law claims in their Complaint, and "pled these claims to make it clear that plaintiffs do **not** seek more than $75,000.00 in damages." (ECF #6, p. 2). Genji argues that there is a "substantial likelihood" or "reasonable probability" that the amount in controversy could exceed $75,000.00, and therefore, removal was proper. (ECF #11, p. 5). Genji also points out that this court has jurisdiction under complete diversity of citizenship pursuant to 28 U.S.C. § 1332, as Plaintiffs reside in Ohio and Genji is a Delaware corporation with its principal place of business in Pennsylvania. (See ECF 1, ¶¶ 4-6).

Federal jurisdiction is generally determined at the time of removal. 28 U.S.C. 1441(a); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000)(citation omitted). "There is no presumption that the amount-in-controversy has been satisfied when an action originally filed in state court is removed - it is incumbent upon the removing defendant to 'show by a preponderance of the evidence that the amount in controversy requirement has been met.'" *Miller v. Volkswagen of America, Inc.*, 889 F.Supp.2d 980, 987 (N.D. Ohio 2012).

Plaintiffs' claims for statutory liquidated damages, attorneys' fees and punitive damages are included when calculating the amount in controversy in this case. Genji is not required to "research, state and prove" the Plaintiffs' claims for damages. *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001)(citation omitted). Rather, as long as "state law at least arguably permits the type of damages claimed, the amount in controversy requirement will be satisfied even if it is unlikely that the plaintiff can recover an amount exceeding the jurisdictional requirement." *Kovacs v. Chesley*, 406 F.3d 393, 397 (6th Cir.2005).

Genji sets forth mathematical calculations arguing that the amount in controversy for Mr. Liu's claims alone exceed the $75,000.00 threshold. (See ECF #11, pp. 11-12). In fact, Genji provides that Mr. Liu could potentially recover $645,721.35 in damages, without including attorneys' fees. (See ECF #11, p. 12). Genji is not responsible for proving the amount of damages with absolute certainty, but rather, has sufficiently shown that there is a probability that the value of this matter exceeds the jurisdictional amount. *See Kovacs*, 406 F.3d at 397.

Furthermore, Genji provides that all of Plaintiffs' settlement demand before and after the filing of this litigation have exceeded $75,00.00 each. (See ECF 11, p. 12). District Courts across the Sixth Circuit have held that a demand letter can be relevant evidence that the amount in

controversy exceeds the diversity threshold. *See, e.g., Franklin v. CityMortgage, Inc.*, 2012 WL 10192 (S.D.Ohio Jan. 3, 2012), at *4 (citation omitted). Plaintiffs claim they offered to stipulate to not seek damages over $75,000.00, but such stipulation was never finalized. (See ECF #14, p. 5). Regardless, post-removal stipulations or other evidence that have the effect of lowering the amount in controversy below the jurisdictional threshold do not deprive the federal courts of subject matter jurisdiction. (*Id.* at 872-73).

For these reasons, this Court find that Genji has sufficiently shown that there is a probability that the value of this matter exceeds the $75,000.00 jurisdictional amount. *See Kovacs*, 406 F.3d at 397. Therefore, the Plaintiffs Motion to Remand (ECF #6) is DENIED.

B. Motion to Amend Complaint

Plaintiffs requested that if this matter was not remanded, they be allowed to amend the Complaint to add claims for relief under federal law. (ECF #6, p. 10). Based upon the foregoing, Plaintiffs are granted leave in which to amend the Complaint by operation of Rule 15(a)(2) of the Federal Rules of Civil Procedure. Therefore, Plaintiffs must file any Amended Complaint on or before April 10, 2018.

III. Conclusion

For the reasons stated herein, Plaintiffs' Motion to Remand and in the Alternative Motion for Leave to Amend (ECF #6) is DENIED in part and GRANTED in part as follows: the Motion to Remand is DENIED and the Motion to Amend the Complaint is GRANTED.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: _March 14, 2018_